#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE SOUTHERN DISTRICT OF GEORGIA
#### STATESBORO DIVISION

| | |
|---|---|
| JOEY WHITAKER,<br><br>     Plaintiff,<br><br>     v.<br><br>EXCEL INDUSTRIES; JOHN DOE; JANE DOES; and VIDALIA SMALL ENGINE SERVICE,<br><br>     Defendants. | CIVIL ACTION NO.: 6:20-cv-75 |

### **O R D E R**

This matter is before the Court on Plaintiff Joey Whitaker's Motion to Remand, (doc. 11), Defendant Vidalia Small Engine Service's Motion to Dismiss, (doc. 7), and Defendant Excel Industries' Motion to Dismiss, (doc. 9). Whitaker initially filed this action in the State Court of Toombs County against Vidalia Small Engine Service ("VSES") and Excel Industries ("Excel") after he was injured by a lawn mower that he purchased from VSES.[1] (Doc. 1-1, p. 2.) VSES is a dealer for Excel, the manufacturer of the lawn mower. (Id. at p. 1.) Excel removed the case to this Court, (doc. 1), and filed a Motion to Dismiss, (doc. 9). VSES also filed a Motion to Dismiss, (doc. 7), and Whitaker then filed a Motion to Remand the case back to state court, (doc. 11). For

---

[1] Plaintiff also named a John Doe and a Jane Doe as defendants. (Doc. 1-1.) However, "because [28 U.S.C.] § 1441(a) requires that fictitious 'named' parties be disregarded for purposes of diversity jurisdiction," these two parties have no impact on the Court's analysis of the remand issue. Walker v. CSX Transp. Inc., 650 F.3d 1392, 1395 n.11 (11th Cir. 2011).

the reasons explained more fully below, the Court **GRANTS** Plaintiff's Motion to Remand, (id.), and therefor does not have jurisdiction to rule on either Defendant's Motion to Dismiss.[2]

## BACKGROUND

Plaintiff is a resident of Emanuel County, Georgia. (Doc. 1-1, p. 1.) According to the Complaint, he purchased a lawn mower from VSES on May 5, 2015. (Id. at p. 2.) VSES, which is located in Toombs County, Georgia, (doc. 13-1, p. 3), is a dealer for Excel, (doc. 1-1, p. 1), and, according to the Complaint, "sold [Plaintiff the lawn] mower implying and representing [that it] was reasonably fit for ordinary purposes" when in fact "[t]here was a design defect in [the mower's] automatic cut off switch." (Id. at p. 4.) The Complaint avers that, on or about July 4, 2018, Plaintiff was seriously injured when the lawn mower's safety switch "failed to shut [it] off" when he disembarked from it and it ran over him. (Id. at p. 2.)

According to the affidavit of Tommy Towery, the co-owner of VSES, prior to this lawsuit, "VSES had never received any notification of issues or problems with the automatic shut off device" for the make or model of mower that it sold to Plaintiff. (Doc. 13-1, pp. 3–4.) VSES also inspected the machine and found the switch to "be in proper working condition at the time of sale." (Id. at p. 4.) In addition, a product safety engineer for Excel provided an affidavit in which he states that Excel did not issue any "service bulletin, recall, or other notice to dealers related to the . . . safety switch on the [m]ower prior to May 5, 2015 or July 4, 2018." (Doc. 13-2, pp. 2.)

According to Towery's affidavit, during a pre-suit conversation, Plaintiff's counsel told him that Plaintiff did not plan to sue VSES. (Doc. 13-1, p. 3.) However, at some point after this conversation, Plaintiff's counsel informed him that he was going to sue VSES "because he did not

---

[2] Excel also filed a "Request for Oral Argument on Plaintiff's Motion to Remand." (Doc. 17.) This Court's Local Rule 7.2 provides that "the assigned Judge may allow oral argument . . . upon written request of either party." S.D. GA. Loc. R. 7.2. Because the Motion to Remand can be resolved on the written pleadings, the Court finds that oral argument is unnecessary and **DENIES** Excel's Motion. (Id.)

want to have to go to Athens, Georgia or outside of Toombs County, Georgia for this lawsuit" and "if he included VSES as a Defendant in the lawsuit, he could force all parties to litigate the case . . . in Toombs County." (Id.) Ultimately, Plaintiff filed his Complaint in the State Court of Toombs County on July 2, 2020 against VSES, Excel, John Doe, and Jane Doe. (Doc. 1-1.) He alleged several claims against the Defendants including "failure of implied warranty." (Id. at p. 3.) In removing the case to this Court, Excel alleged that VSES was fraudulently joined and thus its domicile in Toombs County did not destroy complete diversity among the parties. (Doc. 1, pp. 4–8.) It then filed a Motion to Dismiss, (doc. 9), and VSES filed a Motion to Dismiss as well, (doc. 7). Plaintiff subsequently filed its Motion to Remand. (Doc. 11.) Both VSES and Excel filed Responses,[3] (docs. 13, 15), and Plaintiff filed a Reply, (doc. 18).

## LEGAL STANDARD

Actions initially filed in a state court may be removed to federal court in two circumstances: (1) where the claim presents a federal question or (2) where diversity jurisdiction exists. 28 U.S.C. § 1441(a–b). Federal courts, as courts of limited jurisdiction, must remand a case removed on diversity grounds where there is not complete diversity of citizenship between the parties or where one of the named defendants is a citizen of the state in which the suit is filed. 28 U.S.C. § 1441(b). In this circuit, "there is a presumption *against* the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." Russell Corp. v. Am. Home Assurance Co., 264 F.3d 1040, 1050 (11th Cir. 2001) (emphasis added), *abrogated on other grounds by* Overlook Gardens Props., LLC v. ORIX USA, L.P., 927 F.3d 1194, 1202 (11th Cir. 2019).

---

[3] VSES's Response Brief "ADOPTS all statements, factual allegations, and arguments within" Excel's Response Brief. (Doc. 15, p. 1.) As such, the Court will refer and cite only to Excel's Response Brief, (doc. 13), throughout this Order.

Even so, courts may retain jurisdiction and "ignore the presence of [a] non-diverse defendant" where the plaintiff fraudulently joined that defendant solely to defeat federal diversity jurisdiction. Stillwell v. Allstate Ins. Co., 663 F.3d 1329, 1332 (11th Cir. 2011).

> To establish fraudulent joinder, 'the removing party has the burden of proving by clear and convincing evidence that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court.'

Id. at 1332 (quoting Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997)) (alterations omitted).

When ruling on a motion to remand, "the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." Crowe, 113 F.3d at 1538. "The federal court makes these determinations based on the plaintiff's pleadings at the time of removal; but the court may consider affidavits and deposition transcripts submitted by the parties." Id. In making this determination, "federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." Id. Indeed, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." Coker v. Amoco Oil Co., 709 F.2d 1433, 1440–41 (11th Cir. 1983), *superseded by statute on other grounds as stated in* Georgetown Manor, Inc. v. Ethan Allen, Inc., 991 F.2d 1533 (11th Cir. 1993); see also Stillwell, 663 F.3d at 1333 (reversing a district court's denial of a motion to remand and holding that the district court erred in concluding the defendant was fraudulently joined because "at the very least, [it is] possible that a Georgia state court would conclude that" the plaintiff's complaint stated a cause of action against the defendant given Georgia's notice pleading standards).

4

The burden of establishing fraudulent joinder "is a heavy one," and such a claim must be supported by clear and convincing evidence. Stillwell, 663 F.3d at 1332 (internal quotations omitted). In addressing a fraudulent joinder claim, "this Court 'must necessarily look to the pleading standards applicable in state court, not the plausibility pleading standards prevailing in federal court.'" McKenzie v. King Am. Finishing, Inc., No. 6:12-cv-065, 2012 WL 5473498, at *3 (S.D. Ga. Nov. 9, 2012) (quoting Stillwell, 663 F.3d at 1334). In contrast to the federal pleading standard, Georgia simply requires notice pleading. See O.C.G.A. § 9–11–8. Thus, "it is immaterial whether a pleading states conclusions or facts as long as fair notice is given, and the statement of claim is short and plain. The true test is whether the pleading gives fair notice . . . ." Carley v. Lewis, 472 S.E.2d 109, 110–11 (Ga. Ct. App. 1996).

## DISCUSSION

In response to Plaintiff's Motion to Remand, Excel invokes the fraudulent joinder doctrine (which it initially raised in its Notice of Removal), contending that VSES's presence should be disregarded for jurisdictional purposes. Excel argues Plaintiff has no actionable claim against VSES, and Plaintiff only named VSES as a Defendant to thwart federal subject-matter jurisdiction. (See doc. 13.) As explained above, the Court must determine whether there exists a "possibility that a state court would find that the complaint states a cause of action against" VSES. See Coker, 709 F.2d at 1440.

Plaintiff's Complaint alleges, among other things, that VSES is liable to him for breach of implied warranty. "Georgia's codification of the Uniform Commercial Code provides that, unless excluded or modified, warranties of merchantability and fitness for a particular purpose are implied in contracts for the sale of goods." Laibe Corp. v. Gen. Pump & Well, Inc., 733 S.E.2d 332, 334 (Ga. Ct. App. 2012). To be merchantable, goods must meet several criterion including being able

5

to "[p]ass without objection in the trade under the contract description" and being "fit for the ordinary purposes for which such goods are used." O.C.G.A. § 11-2-314(2)(a), (c). Under Georgia law, "[t]o prove a breach of this implied warranty a plaintiff must show four elements: (1) that the goods were subject to the warranty; (2) that the goods were defective; (3) that the injury was caused by the defective goods; and (4) that damages were incurred as a result." Mitchell v. BBB Servs. Co., 582 S.E.2d 470, 471–72 (11th Cir. 2003).

With regards to the first element, for goods to be subject to an implied warranty of merchantability the seller must be "a merchant with respect to goods of that kind." Paulk v. Thomasville Ford Lincoln Mercury, Inc., 732 S.E.2d 297, 302 (Ga. Ct. App. 2012) (quoting Dildine v. Town & Country Truck Sales, Inc., 577 S.E.2d 882, 884 (Ga. Ct. App. 2003)). According to the definition provided in O.C.G.A. § 11–2–104(1), VSES is considered a "merchant" with respect to lawn mowers if it "deals in" lawn mowers or "otherwise by [its] occupation holds [itself] out as having knowledge or skill peculiar to" lawn mowers. In his Complaint, Plaintiff alleges—and VSES does not appear to dispute, (see doc. 13-1, pp. 3–4)—that VSES sold lawn mowers, and Plaintiff also alleges that VSES was "the dealer for Excel." (Doc. 1-1, pp. 1–2, 4.) Thus, VSES was acting as a merchant of lawn mowers, and Georgia law is clear that such a merchant can be held liable for the implied warranties on the goods (lawn mowers) that it sells. See Ream Tool Co. v. Newton, 433 S.E.2d 67, 70 (Ga. Ct. App. 1993) ("[A] retailer may be held liable under an implied warranty of merchantability theory for selling a defective product."). Plaintiff also asserts that "Defendant sold [the] mower implying and representing [the] mower was reasonably fit for ordinary purposes." (Doc. 1-1, p. 4.) Taking these allegations together, the Court finds that Plaintiff has done enough, under Georgia's notice pleading standard, to plead the first element of a breach of implied warranty claim.

The next element requires that the goods be defective. The Complaint states that "[t]here was a design defect in [the mower's] automatic cut off switch." (Doc. 1-1, p. 4.) In its Response Brief, Excel argues that "the alleged defect did not exist at the time of sale." (Doc. 13, p. 7.) This is a dispute of fact that the Court should not wade deeply into at the Motion to Remand stage. Moreover, while Excel does provide evidence showing that VSES did not receive any type of notification about potential problems with the mower from the manufacture, (doc. 13-1, pp. 3–4), and there is also evidence that VSES inspected the switch before the sale and did not discover a problem, (id. at p. 4), this evidence only shows that VSES did not have knowledge of the allegedly defective safety switch, which is not enough for it to necessarily escape liability for breach of implied warranty. See McDonald v. Mazda Motors of Am., Inc., 603 S.E.2d 456, 459–60 (Ga. Ct. App. 2004) ("When a defect in the product exists, the manufacturer and seller are liable strictly in warranty, without evidence of fault or knowledge, where the breach of warranty conditions are satisfied.").

Excel also argues that the alleged defect did not exist at the time of sale—and thus Plaintiff has no viable breach of implied warranty claim against VSES—because "Plaintiff used the Mower for its intended purpose—to mow lawns—for over three years after he purchased it from VSES without complaint." (Doc. 13, p. 9.) However, Plaintiff's Complaint makes no mention of how many times he used the mower between purchasing it and his injury on July 4, 2018 or whether he used it at all in that time. To countenance Excel's contention would require disregarding this Court's obligation to "evaluate factual allegations in the light most favorable to the plaintiff" when reviewing a motion to remand. Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1380 (11th Cir. 1998). Accordingly, the Court finds that Plaintiff has pled sufficient facts to support the second element of a breach of implied warranty claim.

7

The final two elements require Plaintiff to allege that the defective product caused his injury and that he suffered damages from the injury. The Complaint asserts that the "lawn mower ran over [P]laintiff, seriously injuring him[,]" and that the defective switch "was the sole cause of [his] injury." (Doc. 1-1, p. 2.) While Excel argues that the design defect did not exist at the time of sale, it does not challenge Plaintiff's allegation that he was injured by the lawn mower. Finally, Plaintiff alleges that his injuries caused "pain and suffering" and required hospitalization which resulted in costs of $350,000. (Id. at pp. 2–4.) This is enough to satisfy the final two elements. Thus, Plaintiff has sufficiently pled a breach of implied warranty claim against VSES.

Because the Court finds that Plaintiff has alleged a viable breach of implied warranty claim against VSES, complete diversity does not exist, and this Court does not have jurisdiction over this action. The Eleventh Circuit has explained that as soon as a court determines that it lacks subject matter jurisdiction "the court's sole remaining act is to dismiss [or remand] the case for lack of jurisdiction." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000). Accordingly, the Court does not have jurisdictional authority to determine whether Plaintiff adequately alleged his other claims against VSES.

In addition to arguing that Plaintiff cannot establish a claim against VSES, Excel also points to Towery's affidavit, which describes statements that Plaintiff's counsel supposedly made to Towery. (Doc. 13, pp. 1, 4.) Towery testifies that Plaintiff's counsel initially told him that that he did not plan to file suit against VSES but, at some later point, decided to sue VSES "because he did not want to have to go to Athens, Georgia or outside Toombs County, Georgia for this lawsuit." (Doc. 13-1, p. 3.) While Towery's testimony does indicate that Plaintiff's counsel was at least partially motivated to file suit against VSES by a desire to stay out of federal court, it does not establish that Plaintiff fraudulently joined VSES in this action. As this Court has made clear,

to show fraudulent joinder a party "must demonstrate either that: '(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court.'" Henderson v. Washington Nat'l Ins. Co., 454 F.3d 1278, 1281 (11th Cir. 2006) (quoting Crowe, 113 F.3d at 1538)). Towery's testimony does not undermine or otherwise impact the Court's determination that Plaintiff has made out a valid breach of implied warranty claim against VSES nor does it show that any of the alleged facts making up that claim are false.

Excel fails to point to any case law showing that the statements by Plaintiff's counsel constitute fraudulent joinder, and the Court's own review also reveals no such case. In addition, the Court is cognizant of the fact that "all doubts about jurisdiction should be resolved in favor of remand to state court." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999); see also Wright v. Am. Gen. Life & Accidental Ins. Co., 136 F. Supp. 2d 1207, 1212 (M.D. Ala. 2001) ("[Courts] must resolve all questions of law in favor of the Plaintiffs in deciding whether there has been fraudulent joinder."). The Court also recognizes that "absent fraudulent joinder, plaintiff has the right to select the forum, to elect whether to sue joint tortfeasors and to prosecute his own suit in his own way to a final determination." Parks v. N.Y. Times Co., 308 F.2d 474, 478 (5th Cir. 1962).[4] For all these reasons, the Court finds that Plaintiff's counsel's statements to Towery are insufficient to prevent remand back to state court.

---

[4] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted the decisions of the United States Court of Appeals for the Fifth Circuit decided prior to September 30, 1981, as binding precedent.

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff Joey Whitaker's Motion to Remand, (doc. 11), and **DIRECTS** the Clerk of Court to **REMAND** this case to the Superior Court of Toombs County, Georgia. The Court further **DIRECTS** the Clerk to **TERMINATE** all pending motions and deadlines and **CLOSE** this case.

**SO ORDERED**, this 7th day of January, 2021.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA